# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDELL D. TAYLOR, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO.   02-CV-4232-JPG |
| | ) |
| MICHAEL L. HOLMES, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Michael L. Holmes' motion for summary judgment on Count I (Doc. No. 87). The motion is opposed (Doc. No. 109).

In Count I, plaintiff challenges the conditions of his confinement at Big Muddy River Correctional Center, alleging that he was subjected to cruel and unusual punishment in violation of 42 U.S.C. § 1983 (Doc. No. 30). Specifically, he says he suffered swelling in his face and jaw, required a tooth extraction, and experienced severe and unnecessary pain because defendant Holmes failed to provide proper treatment for a serious dental condition between May and October, 2001. Holmes admits that he acted under color of state law but denies the factual allegations. He assert a qualified immunity defense (Doc. No. 58).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In order to succeed on his § 1983 claim, plaintiff must prove that Holmes deprived him of rights, privileges, or immunities guaranteed by the Constitution or laws of the United States. *Larsen v. Beloit*, 130 F.3d 1278, 1282 (7th Cir. 1997). In medical care cases, an Eighth Amendment deprivation occurs when a defendant demonstrates deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference means that the defendants knew about and disregarded a substantial risk of serious harm. *Farmer v. Brennan*, 114 S.Ct. 1970, 1979 (1994).

Viewed in plaintiff's favor, the evidence shows that Holmes actually knew that plaintiff needed and was not receiving treatment for a painful tooth disorder in July, 2001. After Holmes learned about plaintiff's condition, he repeatedly assured plaintiff that he would be taken to the health care center for treatment. Inmates may seek medical attention by filling out a request slip and depositing the request slip in the mailbox. Plaintiff used this procedure on numerous occasions. He also filed grievances. Plaintiff did not receive treatment until September, 2001. Holmes did not personally review plaintiff's grievance and is not personally responsible for or in control of the inmate appointment schedule at the health care unit.

### I.     Deliberate Indifference.

Holmes argues that he was not deliberately indifferent to plaintiff's medical needs because plaintiff received dental care four times in 2001, because he did not control inmate access to the health care unit, and because he did not interfere with plaintiff's medical care. Viewed in plaintiff's favor, the facts rationally permit an inference that plaintiff received constitutionally deficient medical care with Holmes' knowledge and consent. In other words, the jury might view the facts as proof that Holmes knew about a delay in treatment for a serious medical condition and condoned the delay or "turned a blind eye" or failed to take steps to remedy the situation. *See Vance v. Peters*, 97 F.3d 987, 992-93 (7th

Cir. 1996). Issues of fact remain for trial on Count I.

### II.   Qualified Immunity.

Holmes also seeks a ruling in his favor on the qualified immunity defense. The defense was found to be without merit when Holmes advanced it as grounds for dismissal (Doc. No. 15). Holmes argues that the law prohibits interference with inmate medical care. Because the legal standard applicable to prison medical care cases was well-established in 2001, the Court should decline to reevaluate the merit of Holmes' qualified immunity defense.

### III.   Conclusion.

IT IS RECOMMENDED that defendant Holmes' motion for summary judgment (Doc. No. 87) be DENIED.

**SUBMITTED:   February 10, 2005  .**

    S/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**